IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY TARPLEY, | ) | |
| | ) | Civil Action No. 2:26-cv-1125 |
| Plaintiff, | ) | |
| | ) | HONORABLE KEZIA O.L. TAYLOR |
| v. | ) | |
| | ) | |
| UNIONTOWN AREA SCHOOL | ) | |
| DISTRCT, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

AMENDED COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, MARY TARPLEY, by and through her attorneys, LAW

OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI,

ESQUIRE, ELIZABETH A. TUTTLE, ESQUIRE, and AMANDA N. SHIELDS, ESQUIRE,

and hereby files this Amended Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.      This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights,

and in particular, the right to be free from illegal, invidious and damaging discrimination in her

employment, which rights are guaranteed by the Constitution of the United States and the laws

and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964,

42 U.S.C. §2000e, *et seq.* (as amended) ("Title VII"), the Civil Rights Act of 1991, 42 U.S.C.

§1981, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

("ADEA").

2.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3).

3.      Venue is proper under 28 U.S.C. § 1391(b).  All claims set forth herein arose in the

Western District of Pennsylvania.

4.    Pursuant to the violations described herein in Counts I, II, III, this Court is also empowered to exercise pendant jurisdiction over the claims set forth in Count IV pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951.

5.    Plaintiff has satisfied all procedural and administrative requirements, and in particular:

   a.    Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on or about October 10, 2025, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").

   b.    The EEOC issued a Notice of Dismissal and Right to Sue dated March 4, 2026; and

   c.    Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

PARTIES

6.    Plaintiff, Larette Hill-Castleberry, is a fifty-one (51) year old African-American female residing in Fayette County, Pennsylvania.

7.    Defendant, Uniontown Area School District, is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania with a registered address of 205 Wilson Avenue, Uniontown, Pennsylvania 15041

8.    At all times relevant hereto, Defendant was acting through its agents, subsidiaries, officers, employees and assigns, acting within the full scope of their agency, office, employment or assignment.

FACTUAL ALLEGATIONS

9.    Plaintiff was employed by Defendant from in or about August of 2017 until her unlawful termination on or about August 12, 2025.

10.    At the time of her unlawful termination, Plaintiff held the position of Substitute Secretary.

11.     From in or about August of 2017, Plaintiff worked for Defendant in the position of Administrator until in or about June of 2024.

12.     In or about June of 2024, Plaintiff was furloughed from the position of Administrator with Defendant. Plaintiff was not given a reason for being furloughed.

13.     At that time, a less experienced and less educated, younger male Administrator, occupying the same position as Plaintiff, was not furloughed from the position of Administrator. At the time, Plaintiff had completed her first year of her doctoral degree in Educational Leadership. Plaintiff believes, and therefore avers, that she was furloughed, as opposed to her aforementioned coworker, due to her age and sex.

14.     At or about the time that she was furloughed from her position in June of 2024, Defendant offered Plaintiff the position of Substitute Teacher for the 2024-2025 schoolyear. This position had a lower salary than that of her Administrator position.

15.     In or about August of 2024, Plaintiff learned that the position of Business Manager would be opening at the end of the 2024-2025 schoolyear. Plaintiff has experience working in finance, and holds a Master's in Business Administration degree (herein, "MBA").  Due to her educational and work experience, Plaintiff believes that she was qualified for the position of Business Manager.

16.     On or about April 16, 2025, Plaintiff sent a letter of intent to apply for the Business Manager position with Defendant to the acting superintendent of Defendant.

17.     In or about May of 2025, Plaintiff was informed by a coworker that the position of Business Manager was given to a significantly younger, Caucasian female that was less experienced and less qualified than Plaintiff. This individual has a doctoral degree in Spanish. Plaintiff believes, and therefore avers, that this individual does not have experience in finance.

18.    Plaintiff believes, and therefore avers, that she was not interviewed or selected for the position of Business Manager due to her age and/or race.

19.    In or about May of 2025, the position of Confidential Secretary had opened with the Defendant. Plaintiff again wrote a letter of intent to apply for that position to the acting superintendent.

20.    Shortly thereafter, Defendant filled the position of Confidential Secretary with a less experienced and less qualified, Caucasian female. Plaintiff believes, and therefore avers, that she was not interviewed or selected for the position of Confidential Secretary due to her age and/or race.

21.    On or about July 3, 2025, Plaintiff was hired into the position of Substitute Secretary, which position would last for nine (9) months of the 2025-2026 schoolyear. The pay rate for the Substitute Secretary position was significantly less than the pay rate for Plaintiff's previous position of Administrator, and significantly less than the other positions for which Plaintiff applied, namely, Business Manager and Confidential Secretary.

22.    In or about August 4, 2025, Defendant created a new position of Administrator. Plaintiff held the position of Administrator for approximately seven (7) years before she was furloughed from the position in or about June of 2024, as aforementioned herein above. However, Defendant did not offer that position to the Plaintiff. Instead, Defendant hired a younger, Caucasian male for the position of Administrator.

23.    For the reasons stated herein above, Plaintiff was discriminated against by Defendant based upon her age, 50; her sex, female; and/or her race, African American.

24.    For the reasons stated herein above, Plaintiff was treated less favorably than similarly-situated, younger, male, and Caucasian employees.

25.    As a result of Defendant's conduct, Plaintiff has been adversely affected, both financially and professionally, and has suffered extreme emotional and physical distress.

26.    Plaintiff believes, and therefore avers, that the Defendant's conduct is part of a plan, pattern or practice of discrimination which may have affected other employees of the Defendant who are similarly situated to the Plaintiff.

27.    Plaintiff believes, and therefore avers, that the Defendant's conduct is part of a plan, pattern or practice of discrimination based on race, and/or age, and/or sex.

## COUNT I:

### TITLE VII – RACE DISCRIMINATION

28.    Plaintiff incorporates by reference Paragraphs 1 through 27 as though fully set forth at length herein.

29.    As described hereinbefore above, Plaintiff was discriminated against based upon her race, African-American, in that she was treated differently and less favorably than Caucasian employees.

30.    Plaintiff believes, and therefore avers, that the Defendant's conduct is part of a plan, pattern or practice of discrimination based on race.

31.    As a direct result of the Defendant's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.

32.    The Plaintiff has also suffered emotional, psychological, and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct, as described above.

33.    The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

34.    The actions on part of the Defendant are part of a plan, practice or pattern of discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.    that the Court order Defendant to reinstate Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights or, in the alternative, that the Court order Defendant to pay the Plaintiff front or future pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled for an indefinite time in the future, but for Defendant's discriminatory conduct in an amount to be determined by a jury;

d.    that the Court award damages to the Plaintiff to compensate her for damages resulting from her pain, suffering and inconvenience, as well as such other compensatory damages as permitted by law;

e.    that the Court  award the Plaintiff compensatory damages;

f.    that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

g.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

h.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

ADEA – AGE DISCRIMINATION

35.     Plaintiff incorporates by reference Paragraphs 1 through 34 as though fully set forth at length herein.

36.     As described hereinbefore above, Plaintiff was subjected to discrimination based on her age, in that she was treated differently and less favorably than younger employees, in violation of the ADEA, 29 U.S.C. § 621, *et seq*.

37.     As a result of the Defendant's discriminatory actions, Plaintiff has been substantially and illegally harmed, suffered continuing financial losses, deprivation of employment, benefits, prerequisites, and fair treatment, and has suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys and other officials.

38.     Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by the Defendant, and this suit for injunctive and other relief is her only means of securing just and adequate redress and relief.  Moreover, Plaintiff is now suffering and will continue to suffer, irreparable injury from the Defendant's discriminatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the Court.

39.     Defendant's actions as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the ADEA;

b.      that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.   that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the ADEA;

d.   that the Court order Defendant to reinstate Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights or, in the alternative, that the Court order Defendant to pay the Plaintiff front or future pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled for an indefinite time in the future, but for Defendant's discriminatory conduct in an amount to be determined by a jury;

e.   that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

f.   that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.   that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

TITLE VII - SEX (GENDER) DISCRIMINATION

40.   Plaintiff incorporates by reference Paragraphs 1 through 39 as though fully set forth at length herein.

41.   As described hereinbefore above, Plaintiff was subjected to discrimination based on her sex, in that she was treated differently and less favorably than that of less qualified and less experienced male employees.

42.   As a direct result of the Defendant's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant.  The Plaintiff has also incurred

counsel fees and other costs in pursuing her legal rights.

43. Additionally, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct as described above.

44. The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

45. The actions on part of the Defendant are part of a plan, practice or pattern of discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a. that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b. that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c. that the Court award the Plaintiff compensatory damages as a result of the Defendant's violation of the Civil Rights Act of 1991;

d. that the Court order Defendant to reinstate Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights or, in the alternative, that the Court order Defendant to pay the Plaintiff front or future pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled for an indefinite time in the future, but for Defendant's discriminatory conduct in an amount to be determined by a jury;

e. that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f. that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g. that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT IV:

PENNSYLVANIA HUMAN RELATIONS ACT

46.    Plaintiff incorporates by reference Paragraphs 1 through 45 as though fully set forth at length herein.

47.    Defendant's actions, through its employees, in subjecting the Plaintiff to discrimination based on her race, gender, and/or age, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff in violation of the PHRA.

47.    As a direct result of the Defendant's discriminatory actions in violation of the PHRA, Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.  The Plaintiff has also suffered from emotional distress, inconvenience, humiliation, loss of standing among her peers and stress.

48.    The actions on the part of the Defendant were intentional and willful and were done with a reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff requests the following:

a.    that the Court enter a Judgment declaring the Defendants' actions to be unlawful and violative of the PHRA;

b.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.    that the Court order Defendant to reinstate Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights or, in the alternative, that the Court order Defendant to pay the Plaintiff front or future pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled for an indefinite time in the future, but for

Defendant's discriminatory conduct in an amount to be determined by a jury;

d.      that the Court award the Plaintiff compensatory damages as a result of Defendants' actions being unlawful and violative of the PHRA;

e.      that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

f.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated:  August 3, 2026